## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District<br>**Eastern** |
|---|---|
| Name<br>Colin Petroziello | Docket or Case No.:<br>CP-09-CR-0004250-2021 |
| Place of Confinement:<br>SCI Albion | Prisoner No.:<br>QP4603 |
| Petitioner<br>Colin Petroziello | Respondent<br>John Sawtelle, Superintendent SCI Albion |
| v. | |
| The Attorney General of the State of: Pennsylvania, David Sunday | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Bucks County Court of Common Pleas, 100 North Main St., Doylestown, PA 18901

    (b) Criminal docket or case number (if you know): CP-09-CR-0004250-2021

2.  (a) Date of the judgment of conviction (if you know): September 29, 2022

    (b) Date of sentencing: February 6, 2023

3.  Length of sentence: 15 yrs. to 30 yrs., and 4 years special probation.

4.  In this case, were you convicted on more than one count or of more than one crime? ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Criminal Attempt, Murder

    of a Law Enforcement; False imprisonment; Recklessly Endangering Another Person.

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty    ☒ (3) Nolo Contendere (no contest)

    ☐ (2) Guilty    ☐ (4) Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

    (c) If you went to trial, what kind of trial did you have? (check one)

    ☐ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8.  Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9.  If you did appeal, answer the following:

    (a) Name of court: Superior Court of Pennsylvania

    (b) Docket or case number (if you know): CP-09-CR-0004250-2021

1

(c) Result: Vacated in Part, Affirmed in Part.

(d) Date of result (if you know): March 26, 2024

(e) Citation to the case (if you know): _____

(f) Grounds raised: Did the Trial Court err in accepting a nolo contedere plea as to the charges of Attempted Homicide under 18 §901 (a)? The evidence that was presented at the time of defendant's nolo contendere plea demonstrated that defendant, "because of his psychiatric symptoms at the time of the offense he lacked substantial capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law." (2) Did the Trial Court err in imposing a sentence upon the defendant with no consideration or reference to the sentencing guidelines in this case, thus making the imposed sentence illegal and when the trial court did not make or file any contemporaneous statement regarding deviation from the guidelines in this case? (3) Did the Trial Court err in imposing a lengthy and unwarranted sentence upon the defendant which failed to consider the defendant's severe mental health condition at the time of the incident in August of 2021?

(g) Did you seek further review by a higher state court?     ☐ Yes     ☒ No

   If yes, answer the following:

   (1) Name of court: N/A

   (2) Docket or case number (if you know): N/A

   (3) Result: N/A

   (4) Date of result (if you know): N/A

   (5) Citation to the case (if you know): N/A

   (6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United State Supreme Court? ☐ Yes     ☒ No

   (1) Name of court: N/A

   (2) Docket or case number (if you know): N/A

   (3) Result: N/A

   (4) date of result (if you know): N/A

   (5) Citation to the case (if you know): N/A

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes  ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

   (a)     (1) Name of court: Bucks County Court of Common Pleas

(2) Docket or case number (if you know): CP-09-CR-0004250-2021

(3) Date of filing (if you know): February 15, 2023

(4) Date of result (if you know): March 17, 2023

(5) Nature of the proceeding: Post Sentence Motion (Reconsideration)

(6) Grounds raised: Defendant requests that the Court correct and clarify the fact that he receives credit for time served from the date of his arrest, August 18, 2021. (2) The trial court erred in accepting petitioner's nolo contendere pleas as to Attempted Homicide because the Commonwealth did not present sufficient facts to prove beyond a reasonable doubt that petitioner possessed the requisite intent to have committed the crimes of Attempted Homicide and the charges rose only to the level of Aggravated Assault. (3) The Court erred by not stating the sentencing guidelines on the record and that the imposed sentence far exceeded the guidelines for Aggravated Assault even if those guidelines had been placed on the record. (4) The defendant submits that his sentence on Count 11, fifteen (15) years of probation is illegal as it exceeds the maximum sentence prescribed by law of five (5) years for a misdemeanor of the 1st degree.

(7) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes   ☐ No

(8) Result: Time served, granted, special probation reduced

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Date of result (if you know): N/A

(5) Nature of the proceeding: N/A

(6) Grounds raised: N/A

(7) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(8) Result: N/A

(9) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Date of result (if you know): N/A

(5) Nature of the proceeding: N/A

(6) Grounds raised: N/A

(7) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(8) Result: N/A

(9) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

| | | | |
|---|---|---|---|
| (1) First petition: | ☐ Yes | ☒ No | |
| (2) Second petition | ☐ Yes | ☐ No | |
| (3) Third petition | ☐ Yes | ☐ No | |

(e) If you did not appeal to the highest court having jurisdiction, explain why you did not:

Directly appealed to superior court and litigating remaining grounds on PCRA

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: **To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: Did the Trial Court err in accepting a nolo contendere plea as to the charges of Attempted Homicide under 18 §901 (a) and therefore deny petitioner due process of law as guaranteed under the 5th and 14th Amendments of the United States Constitution?

(a) Supporting Facts: The trial Court erred when it accepted petitioner's "guilty but mentally ill" plea. Petitioner had been found by two different psychiatrists to be unable to understand the wrongfulness of his conduct or to conform his behavior to the requirements of the law. In of the reports found that Petitioner was not competent to assist in his own defense. Petitioner clearly

did not understand the nature and quality of his actions or that his actions were wrong. Petitioner was incapable of forming specific intent.

(b) If you did not exhaust your state remedies on Ground  1 ., explain why:  Directly appealed to Superior Court and voluntariness of plea being raised through ineffective assistance on PCRA

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion of petition for habeas corpus in a state trial court?   ☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?        ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where your appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  PCRA still being litigated at initial stage of proceedings.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

GROUND TWO: Did the trial court err in imposing a sentence upon petitioner with no consideration or reference to the sentencing guidelines in this case, thus making the imposed sentence illegal and when the trial court did not make or file any contemporaneous statement regarding deviation from the guidelines in this case, therefore violating petitioner's right to due process under the 5th and 14th amendments of the U.S. Constitution?

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The Trial Court erred by failing to set forth the sentencing guidelines in this case and for failing to set forth the court's written rationale for deviating from those guidelines. The sentence in this case is wholly unreasonable and prejudicial as a result of the trial courts stated sympathy with the victims in this case and because the trial court failed to consider mitigating factors in sentencing while focusing upon factors that were already a part of the crimes to which the nolo contendere plea was entered.

(b) If you did not exhaust your state remedies on Ground **2**, explain why: Directly appealed to superior court and currently being litigated as ineffective counsel on PCRA

(c)    **Direct Appeal of Ground TWO:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes   ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion of petition for habeas corpus in a state trial court?    ☐ Yes   ☒ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: N/A

   Name and location of the court where the motion or petition was filed: N/A

   Docket or case number (if you know): N/A

   Date of court's decision: N/A

   Result (attach a copy of the court's opinion or order, if available): N/A

   (3) Did you receive a hearing on your motion or petition?              ☐ Yes   ☐ No

   (4) Did you appeal from the denial of your motion or petition?         ☐ Yes   ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where your appeal was filed: N/A

   Docket or case number (if you know): N/A

   Date of the court's decision: N/A

   Result (attach a copy of the court's opinion or order, if available): N/A

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: PCRA still being litigated at initial stage of proceedings.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground **Two - N/A.**

GROUND THREE: Did the trial court err in imposing a lengthy and unwarranted sentence upon petitioner which fails to consider the petitioner's severe mental health condition at the time of the incident in August of 2021, therefore violating petitioner's right to due process under the 5th and 14th amendments, and a fair proceeding under the 6th amendment of the U.S. Constitution?

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The trial court erred by failing to set forth the sentencing guidelines in this case and for failing to set forth the court's written rationale for deviating from those guidelines. The sentence in this case is wholly unreasonable and prejudicial as a result of the trial courts stated sympathy with victims in this case and because the trial court failed to consider mitigating factors in sentencing while focusing upon factors that were already a part of the crimes to which the nolo contendere plea was entered.

(b) If you did not exhaust your state remedies on Ground   3  , explain why: Directly appealed to superior court and being litigated on PCRA as ineffective counsel.

(c)     **Direct Appeal of Ground THREE:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion of petition for habeas corpus in a state trial court?   ☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?            ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where your appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that

you have used to exhaust your state remedies on Ground Three - N/A.

PCRA still being litigated at initial stage of proceedings.

GROUND FOUR: Ineffective Assistance of Counsel

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

(A) Peruto utterly failed to provide appropriate legal advice. Petitioner's nolo contendere pleas as to Attempted Homicide charges were unknowledgeable, unwilling and uniformed pleas; entered due to the advice of prior plea counsel (Pureto) and without petitioner's comprehension of the nature of the pleas themselves or the potential consequences of such pleas. (B) Peruto erred when he attempted to litigate what should have been an appropriate defense after the pleas had been entered and the sentence imposed instead of making such arguments before the plea. (C) Peruto erred when he told petitioner and his parents that the anticipated sentence would be significantly lower than that which was imposed. (D) Peruto erred by not explaining to petitioner, in advance of the plea, that nolo contendere plea was the functional equivalent of a guilty plea. (E) Peruto erred when he only challenged the factual basis of the claims after sentence had been imposed with Peruto making a claim, after sentencing, that the crimes only rose to the level of Aggravated Assault, instead of counseling petitioner to enter nolo contendere pleas to Attempted 1st Degree Homicide. (F) Peruto erred when he did not actually prepare a non-plea strategy ort to have petitioner's competency to stand trial assessed in a manner that would have supported a diminished capacity defense. (G) It was Perutos responsibility to utilize costly mental health reports that had been completed to assess petitioner's competency, comprehension and ability to understand the nature of his pleas rather than allowing the court, during that actual plea explain to petitioner what a nolo contendere plea was. (H) Peruto had a responsibility to communicated effectively with petitioner (if petitioner was mentally competent to communicate) rather than directing the majority of his communications to petitioner's parents who were not the client in this case. (I) Peruto erred when he failed to file an appropriate petition for Habeas Corpus that claimed the elements of Attempted Homicide had not been demonstrated at a prima facie level in order to hold this case for trial making the argument on the elements only after sentence had been imposed and thus waiving these claims. (J) Peruto erred when he failed to require the Court or the Commonwealth to place sentencing guidelines on the record at the time of the pleas; this

failing to hold the Court to the requirements of knowing, willing, and voluntary plea. (K) Peruto erred by believing this was a case of Aggravated Assault but advising petitioner to plead to Attempted Homicide of Kelly and Viviano. (L) Only after the sentence was imposed and the pleas were entered did Peruto make any argument to the court that the crimes did not rise to the level of Attempted Homicide. (M) A reasonable attorney should have known that if the facts did not support the charges, that issue was required to have been raised in advance of any plea. (N) Peruto advised and allowed his client to admit to actions for which the client had limited memory and Peruto only later attempted to somehow challenge the nature and elements of the charges after plea and sentencing. (O) Peruto promised that a significantly lower sentence would be appropriate without warning petitioner or his parents that a sentence of up to thirty years would be imposed. (P) Each of these actions and inactions were prejudicial only to the outcome during the plea itself, but to the ability to challenge the imposed sentence in this case.

(b) If you did not exhaust your state remedies on Ground  4 , explain why: Currently litigating on PCRA in Bucks County Court of Common Pleas.

(c)     **Direct Appeal of Ground FOUR:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Currently litigating on PCRA review.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion of petition for habeas corpus in a state trial court?   ☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Act (PCRA)

Name and location of the court where the motion or petition was filed:

Bucks County Court of Common Pleas, 100 North Main St., Doylestown, PA 18901

Docket or case number (if you know): CP-09-CR-0004250-2021

Date of court's decision: N/A (Petition still pending)

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?        ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where your appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

My petition for Post Conviction relief is currently pending on the county level and the ability to directly appeal this petition is not yet available

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground   Four –. N/A.

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest court having jurisdiction?        ☐ Yes   ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Grounds 1 through 3 have been properly exhausted to Superior Court; Ground Four is pending currently on PCRA on the county level.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have been presented, and state your reason for not presenting them:

All grounds have been raised to some kind of state court.

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☒ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Bucks County Court of Common Pleas, 100 North Main Street, Doylestown, PA 18901.    PCRA. With the following issues:

Post Conviction Relief Act (PCRA); raising the issue of Ineffective Assistance of Counsel (No. CP-09-CR-4250-2021)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Charles Peruto Jr., 2016 Spruce St., Philadelphia, PA 19103

(b) At arraignment and plea: Charles Peruto Jr., 2016 Spruce St., Philadelphia, PA 19103

(c) At trial: N/A

(d) At sentencing: Charles Peruto Jr., 2016 Spruce St., Philadelphia, PA 19103

(e) On appeal: Bonnie-Ann Brill Keagy, 25 W. Airy St. Norristown, PA 19401

(f) In any post-conviction proceeding: Bonnie-Ann Brill Keagy, 25 W. Airy St. Norristown, PA 19401

(g) On appeal from any ruling against you in a post-conviction proceeding: Currently being litigated before the PCRA Court in the initial review stage.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statue of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's Motion is timely and falls under all parameters of the AEDPA

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: That these claims and grounds for relief be placed in stay and abeyance to later be amended upon exhaustion of state remedies and that the judgment of sentence be vacated with release of custody and new trial. or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 6-26-25 ___ (month,date,year).

Executed (signed) on 6-26-25 (date).

_____
Signature of Petitioner

Colin Petroziello, Pro Se

## VERIFICATION

I, Colin Petroziello, Petitioner, Pro Se, do hereby certify that I have read this document and have personal knowledge that the facts stated herein are true and correct to the best of my ability under penalty of perjury pursuant 28 U.S.C. §1746.

Respectfully Submitted,

6-26-25
Date

Colin Petroziello
Petitioner, Pro Se
SCI-Albion, No. QP4603
10745 Route 18
Albion, PA 16475-0002

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT

Colin Petroziello,

        Petitioner,  :

                :

      v.               :    No.

                :

John Sawtelle         :

SCI Albion Superintendent  :

                :

Dave Sunday         :

Pennsylvania Attorney General  :

        Respondents  :

## CERTIFICATE OF SERVICE

I, Colin Petroziello hereby certify that I am, on this date, causing a copy of the foregoing document to be served upon the persons and in the manner indicated below.

Service via First Class U.S. Mail, postage pre-paid, addressed to:

John Sawtelle
SCI Albion Superintendent
10745 Route 18
Albion, PA 16475

Dave Sunday

Pennsylvania Attorney General
16th Floor
Strawberry Sq.
Harrisburg, PA 17120

Respectfully Submitted

Colin Petroziello
10745 Route 18
Albion, PA 16475

Colin Petroziello, QP4603
SCI Albion
10745 Route 18
Albion, PA 16475



CERTIFIED MAIL

7018 3090 0001 5687 3314



Inmate Mail
PA Dept of
Corrections

US POSTAGE PITNEY BOWES
ZIP 16475   $ 014.82
02 4W
0000376338 JUN 27 2025





RECEIVED JUL - 2 2025

United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Courts
U.S. Courthouse, Room 2609
601 Market St.
Philadelphia, PA 19106

**LEGAL MAIL**